UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00643-SEB-MG |
| ) | |
| INDIANA UNIVERSITY BLOOMINGTON, ) | |
| INDIANA UNIVERSITY BOARD OF ) | |
| TRUSTEES, ) | |
| KATHY ADAMS RIESTER, ) | |
| LATOSHA WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court and ripe for a decision is Plaintiff John Doe's Motion to Proceed under Pseudonym, [Filing No. 16], in this Title IX and civil rights lawsuit concerning Defendants' investigation into alleged sexual misconduct by Plaintiff. Defendants have not objected to Plaintiff's request, the time for doing so having passed. *See* S.D. Ind. L.R. 10-1(d).

**I.**
**LEGAL STANDARD**

"The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal court." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). That is so because "judicial proceedings, civil as well as criminal, are to be conducted in public," and "[i]dentifying the parties to the proceeding is an important dimension of publicness" because "[t]he people have a right to know who is using their courts." *Id.* There are narrow exceptions to the presumption of public proceedings that permit the use of fictitious names,

such as "to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Id.*

Courts within this District have previously used a six-factor test to evaluate whether a plaintiff's interest in proceeding anonymously outweighs the strong public interest in open courts. The factors include:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

*Doe v. Individual Members of Indiana State Bd. of L. Examiners*, 2009 WL 2448468, at *1 (S.D. Ind. Aug. 8, 2009), *objections overruled,* 2010 WL 106580 (S.D. Ind. Jan. 4, 2010) (internal citation and quotation marks omitted).

## II.
### DISCUSSION

The Court preliminarily observes that Plaintiff's motion does not comply with the Court's Local Rules which require a litigant seeking to proceed under a pseudonym to "at the time of filing of his or her initial pleading, … file a Notice of intention to seek leave to proceed under pseudonym and disclose the litigant's true name" with the notice being maintained under seal. S.D. Ind. L.R. 10-1(a). The plaintiff is also required to file, "[c]ontemporaneously with the Notice, … a motion to proceed under pseudonym, setting forth the justification under applicable law." S.D. Ind. L.R. 10-1(b). Despite these requirements, Plaintiff filed a complaint on April 13, 2023 under the pseudonym "John Doe" without contemporaneously filing the required sealed notice, nor the required motion. After two prompts from the Court, [Filing No. 11; Filing No. 21], Plaintiff

eventually filed his motion on May 25, 2023, [Filing No. 16; Filing No. 17], and the required notice on June 13, 2023, [Filing No. 22].  The Court will not, however, prejudice Plaintiff for his counsel's repeated procedural missteps.

Setting aside the procedural issues, Plaintiff's Motion asks to proceed anonymously under the pseudonym "John Doe" because this case concerns allegations of sexual misconduct and descriptions of sexual activity, which Plaintiff says constitute highly sensitive information.  [Filing No. 17 at 11-12.]  Furthermore, Plaintiff argues, the lawsuit will be rendered "futile" if Plaintiff's name and the names of other witnesses are published publicly because "the allegations will forever [be] publicly associated" with his name.  [Filing No. 17 at 12.]  He says publication of his real name would forever contaminate him by virtue of Google searches associating his real name with alleged sexual misconduct.  [Filing No. 17 at 15.]  Finally, Plaintiff argues that Defendants "will not be prejudiced in any way by the use of a pseudonym."  [Filing No. 17 at 20.]

### A. First Factor: Government Activity

Turning to the first factor applied in this District, "[g]enerally, where a plaintiff attacks governmental activity … the plaintiff's interest in proceeding anonymously is considered particularly strong, in part[,] because the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *See Doe v. Trs. of Ind. Univ.*, 577 F. Supp. 3d 896, 903 (S.D. Ind. 2022) (internal citation and quotation marks omitted).  Here, Plaintiff is challenging the actions of a state university and its board of trustees, as well as two individuals—Kathy Adams Riester (the Associate Vice Provost for Student Affairs) and Latosha Williams (the Associate Director for Resident Life and Director of Student Conduct).  The university and its board of trustees are prototypical government defendants, which weighs in favor of Plaintiff's request to proceed anonymously.  *See id.*  But, Plaintiff is also

challenging the actions of specific individual employees, accusing them of misconduct. Ms. Adams Riester and Ms. Williams have a counterbalancing "significant interest in protecting their reputation from damaging allegations." *Id.* at 903-04. Thus, the first factor weighs neutrally with regard to Plaintiff's request.

### B. Second Factor: Disclosure of Information of the Utmost Intimacy

This case concerns allegations of sexual misconduct and details of sexual activity. The allegations inherently concern a potential sexual misconduct victim—one of the exceptions to the presumption of public proceedings identified by the Seventh Circuit in *Blue Cross & Blue Shield*. 112 F.3d at 872. And the nature of the sexual activities at issue rises to the level of "information of the utmost intimacy." *See Doe v. Purdue Univ.*, 321 F.R.D. 339, 342 (N.D. Ind. 2017) (collecting cases). The second factor weighs heavily in favor of Plaintiff's request.

### C. Third Factor: Disclosure of Intention to Engage in Illegal Conduct

This factor is not at issue in this case and therefore weighs against Plaintiff.

### D. Fourth Factor: Risk of Physical or Mental Injury

The Court finds this factor weighs heavily in favor of Plaintiff's request. Plaintiff contends that he has not been charged or convicted of a crime in a court of law. Plaintiff is likely to suffer stigmatization and associated emotional injury and potential threats of physical injury if he is publicly identified as an alleged sex abuser. "The nature of the internet in present society … makes case-related information associated with an individual's name accessible." *Purdue Univ.*, 321 F.R.D. at 343. With the prevalence and ease of access via the Internet of case information, if Plaintiff's true name is revealed, he "would suffer the very harm to his reputation that he seeks to remedy by bringing this lawsuit; in other words, if Plaintiff is successful in proving that the charges of sexual misconduct against him were unfounded and that Defendants' procedures violated his

due process rights, the revelation of Plaintiff's identity would further exacerbate the emotional and reputational injuries he alleges." *Id.* at 342 (internal quotation marks and citation omitted). Thus, the fourth factor weighs heavily in favor of granting Plaintiff's request.

### E.  Fifth Factor: Prejudice to Defendants

The Court finds that Defendants will not be unduly prejudiced by Plaintiff's request to proceed under a pseudonym. Indeed, Defendants do not oppose Plaintiff's Motion. This factor weighs in favor of granting Plaintiff's request.

### F.  Sixth Factor: The Public's Interest

Finally, while the public has a strong interest in open courts, granting Plaintiff's request will not interfere with the public's ability to ascertain the facts of the case or understand court orders. The filings will not be sealed, and proceedings will remain open. Furthermore, "the actual identity of Plaintiff[] is of minimal value to the public." *Doe 1*, 2023 WL 3074907, at *2 (internal alterations and quotation marks omitted). Thus, this factor also weighs in favor of granting Plaintiff's request.

## III.
### CONCLUSION

Because the relevant factors on balance weigh in favor of Plaintiff's request, the Court GRANTS Plaintiff's Motion for Leave to Proceed Under a Pseudonym [16]. The Court ORDERS as follows:

1. Plaintiff may proceed in this case under the pseudonym "John Doe."

2. The individuals identified in Plaintiff's Complaint as "Jane Roe," "Witness 1," "Witness 2," and "Witness 3" shall continue to be identified using these pseudonyms.

3. All exhibits, memoranda, affidavits, and other papers filed with the Court in connection with this action shall be written or redacted so as to exclude the true

    identity of Plaintiff, Jane Roe, Witness 1, Witness 2, and Witness 3 and to refer to them by their pseudonyms.

4. The parties and counsel are to refrain from revealing the true identities of Plaintiff, Jane Roe, Witness 1, Witness 2, and Witness 3 absent further order of the Court.

Date: 6/22/2023

*[signature]*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**