UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN DOE,

          Plaintiff,

     v.                                  Case No: 1:23-cv-00643-SEB-MG

INDIANA UNIVERSITY BLOOMINGTON,
INDIANA UNIVERSITY BOARD OF
TRUSTEES, KATHY ADAMS RIESTER, in
her individual and official capacity, and
LATOSHA WILLIAMS, in her individual and
official capacity,

          Defendants.

---

**CASE MANAGEMENT PLAN**

**I.**    **Parties and Representatives**

**Party:**                                    **Represented By:**

*Plaintiff*:                                 Michael T. McNally
John Doe                              mcnally@delkmcnally.com
                                         DELK MCNALLY LLP
                                         610 Rangeline Rd.
                                         Carmel, IN 46033
                                         T: 317-442-4444

                                         Tara J. Davis
                                         tdavis@nmllplaw.com
                                         NESENOFF & MILTENBERG, LLP
                                         101 Federal Street, 19th Floor
                                         Boston, MA 02110
                                         T: 617-209-2188

                                         Andrew T. Miltenberg
                                         amiltenberg@nmllplaw.com
                                         NESENOFF & MILTENBERG, LLP
                                         363 Seventh Avenue, Fifth Floor
                                         New York, NY 10001

1

T: 212-736-4500

*Defendants*:
Indiana University Bloomington,
Indiana University Board of Trustees,
Kathy Riester, in her individual and
official capacity, and
Latosha William, in her individual
and official capacity.

Liberty L. Roberts
LRoberts@cchalaw.com
Cassie N. Heeke
CNHeeke@ccalaw.com
CHURCH CHURCH HITTLE + ANTRIM
Two North Ninth Street
Noblesville, IN 46060
T: (317)773-2190

Amy Fox
afox@cchalaw.com
CHURCH CHURCH HITTLE + ANTRIM
203 W. Wayne Street, Suite 402
Fort Wayne, IN 46802
T: 260-399-9490

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.   Jurisdiction and Statement of Claims

*A.*   This Court has subject matter jurisdiction over the Title IX claim pursuant to 28 U.S.C. § 1331 because it is a federal statute for which sovereign immunity under the Eleventh Amendment has been waived for state recipients of federal funding.

This Court does not have subject matter jurisdiction over the claims alleged under 42 U.S.C. §1983 against Indiana University, its Board of Trustees, or the official-capacity defendants. Those claims are barred by the Eleventh Amendment to the United States Constitution.

This Court has subject matter of the claim asserted under 42 U.S.C. § 1983 against the individual-capacity defendants, as that claim raises a federal question of substantive civil rights law against defendants not subject to the Eleventh Amendment immunity.

This Court has jurisdiction of all claims not subject to Eleventh Amendment immunity pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and the Plaintiff alleges that the amount in controversy exceeds $75,000. Defendants deny that the amount in controversy exceeds $75,000 but acknowledges that consistent with *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 296, 58 S. Ct. 586, 594, 82 L. Ed. 845 (1938) this Court has jurisdiction based on Plaintiff's assertion that the amount in controversy exceeds $75,000.

B. *Plaintiff's Statement of Claims, including the legal theories and facts upon which the claims are based:*

On the evening into early morning of July 4-5, 2020, John Doe and Jane Roe engaged in sexual contact, while John was severely incapacitated. John and Jane filed complaints with Indiana University against one another in the fall of 2020. Indiana University proceeded to conduct an investigation and adjudication process that was tainted by gender bias against John as the male accused. Consequently, John was found responsible for sexual misconduct against Jane and permanently expelled from the University, while Jane Roe was found not responsible for the charges, and was not sanctioned. In reaching the erroneous outcome, the University violated its own policies and procedures by, among other things, failing to properly notify John of the procedures to be applied to his case, failing to provide a fair and impartial hearing before a neutral decisionmaker, depriving John of the opportunity to question his accuser, and ignoring evidence that disproved Jane's claims including the many inconsistencies in her accounts and her failure to provide copies of the results from her SANE examination. As a result, Plaintiff was denied due process and was found responsible because of the University's gender bias against John as the male accused.

C. *Defendants' responsive statement of claims or defenses, including the legal theories and facts upon which the claims are based*:

On September 14, 2020, Jane Roe submitted a report to Indiana University alleging that John Doe engaged in sexual contact with her, without her consent, at her off-campus apartment. On October 20, 2020, the University notified Doe of the allegation that he violated the Sexual Misconduct Policy by sexually harassing and/or assaulting Roe by force and without her consent. On November 13, 2020, Doe submitted a written statement in response to Roe's complaint, and Doe filed a complaint alleging Roe had engaged in sexual conduct with Doe, without Doe's consent. The University investigated both complaints and set a hearing on the cross-complaints. On March 25, 2021, the University conducted a 4.5 hour hearing where Doe and Roe presented testimony and evidence and responded to questions from the hearing panel. Doe was found responsible for sexual harassment and sexual assault without consent and by force, and Roe was found not responsible. The University issued a decision based on the evidence presented at the hearing and credibility determinations made by the hearing panel. The decision was not made based on sex or gender bias. Plaintiff was provided a hearing and all procedural process required by law.

III. **Pretrial Pleadings and Disclosures**

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **July 21, 2023**.

B. Plaintiff shall file preliminary witness and exhibit lists on or before **July 28, 2023**.

C. Defendants shall file preliminary witness and exhibit lists on or before **August 4, 2023**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **September 13, 2023**.

E. Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **September 13, 2023**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within **30 days after receipt of the proposal**. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to mjgarcia@insd.uscourts.gov. There is no need to follow the email with a hard copy.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 12, 2024**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **May 13, 2024**; or if Plaintiff has disclosed no experts, Defendants shall make its expert disclosure on or before **May 13, 2024**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **90 days** prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within **7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **August 2, 2024**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **June 13, 2024**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference

      "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     Discovery of electronically stored information ("ESI").

    1.     No ESI Supplement Required. Neither party anticipates seeking a substantial volume of ESI, so the parties have not completed the ESI Supplement to the Report of the Parties' Planning Meeting.

    2.     Production of ESI. The parties anticipate potential requests for ESI related to emails, documents in the investigation file, text messages, and audio recordings. No other substantial ESI is known or expected at this time. Emails, all email attachments, and documents in the investigation file may be produced in PDF format, unless specifically requested in their native format. Audio files will be produced in their native format. All ESI may be produced either on a thumb drive or via a shared file link. The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection, and agree to provide a privilege log properly identifying any item withheld.

    3.     Cost and Burden of Producing ESI. The parties will seek to employ measures to reasonably limit the burden and costs of ESI discovery on the parties. It is the parties' intent to discuss cost-shifting or cost-saving measures that may be needed in this matter with each ESI discovery request. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following assumptions apply: (1) The producing party bears the costs of searching for, assembling, reviewing, and producing the responses to the requests; (2) Any extraordinary costs may be allocated to the requesting party, but only after a Rule 37 conference wherein the parties discuss measures to appropriately and reasonably limit the costs incurred responding to the requests; and (3) To the extent that a party requests to examine an electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner, absent any privileges or objections that would preclude or protect such data from being disclosed.

    4.     Search Protocol: Request for email related ESI shall include specific search terms to be applied, the identity of the account-custodians whose emails are to be searched, and the specific date range for each such search. The parties'

    intent is to discuss and agree upon reasonable search parameters to ensure that discovery is conducted as efficiently as possible.

  5. <u>Preservation of Data.</u> Throughout the course of this matter, the parties will make every effort to preserve all electronic data relevant to either party's claims or defenses to the extent reasonably possible.

  6. <u>Claw Back Provision</u>. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

  7. <u>Additional Issues.</u> At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter. If additional issues arise not governed by this provision, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention. The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve and/or the parties may agree.

## IV. <u>Discovery[1] and Dispositive Motions</u>

 A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the **30-day** period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

>> **Yes, Defendants anticipate that the undisputed evidence will show that the decision of the University was based on and supported by evidence and testimony, not gender bias.**

B. On or before **February 20, 2024**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

   ✓   Track 2: Dispositive motions are expected and shall be filed by **April 12, 2024**; non-expert witness discovery and discovery relating to liability issues shall be completed by **February 13, 2024**; expert witness discovery and discovery relating to damages shall be completed by **July 12, 2024**. All remaining discovery shall be completed by **August 13, 2024**.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V. <u>Pre-Trial/Settlement Conferences</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. **The parties recommend a settlement conference in January 2024.**

## VI. <u>Trial Date</u>

The parties request a trial date in **January 2025.** The trial is by **jury** and is anticipated to take **four (4) days**.

## VII. <u>Referral to Magistrate Judge</u>

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

    B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

        2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

        3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

        4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX.   Other Matters

Defendants have filed a Motion to Dismiss Count II. One of the issues raised in the Motion relates to the Court's jurisdiction to hear the claims alleged against Indiana University, its Board of Trustees, and the official-capacity Defendants. Specifically, Eleventh Amendment immunity to the claim asserted under 42 U.S.C. § 1983 has been raised. A ruling on that motion will impact the scope of discovery.

Respectfully submitted,

| | |
|---|---|
| *Tara J. Davis* (with permission) | *Liberty L. Roberts* |
| Tara J. Davis | Liberty L. Roberts, Atty. No. 23107-49 |
| NESENOFF & MILTENBERG, LLP | Cassie N. Heeke, Atty. No. 36497-49 |
| 101 Federal Street, 19th Floor | CHURCH CHURCH HITTLE + ANTRIM |
| Boston, MA 02110 | Two North Ninth Street |
| | Noblesville, IN 46060 |
| Michael T. McNally, Atty. No. 23676-49 | |
| DELK MCNALLY LLP | Amy Fox, Atty. No. 25112-53 |
| 610 Rangeline Rd. | CHURCH CHURCH HITTLE + ANTRIM |
| Carmel, IN 46033 | 203 W. Wayne Street, Suite 402 |
| | Fort Wayne, IN 46802 |
| Andrew T. Miltenberg | |
| NESENOFF & MILTENBERG, LLP | *Attorneys for Defendants* |
| 363 Seventh Avenue, Fifth Floor | |
| New York, NY 10001 | |

*Attorneys for Plaintiff*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| X | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN 4/12/2024 DISCOVERY by 2/13/2024 |

     Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 7/14/2023

*/s/ Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:
To ECF Counsel of Record